The Honorable Robert C. Balfe Prosecuting Attorney Nineteenth Judicial District West 100 N.E. "A" Street Bentonville, AR 72712
Dear Mr. Balfe:
I am writing in response to your request for my opinion on various questions relating to what you characterize as "a perplexing issue involving a lease in Benton County." At issue is the county's potential tax liability on the property. You further report:
 The issue has led to a conflict in interpretation of state law among the Division of Legislative Audit and past and present County officials. My Office, of which the County Attorney is a part, is unable to render a legal opinion in the matter due to a conflict of interest with a participant in the matter. Outside counsel has reviewed the matter and prepared the attached statement of facts and question[s].
For reasons explained in my response, I consider it unnecessary to recount the background giving rise to your request. I will merely recite the following from outside counsel's factual summary:
 The county attorney recused because of a conflict of interest. The arrangement is further complicated by the fact that [a leasholder/disputant] has been an employee of the prosecutor's office since 1979. The auditor has asked the county judge and county attorney to respond. Outside counsel has advised the county to seek an Attorney-General's opinion.
For purposes of the record, I will simply repeat the questions you have been asked to pose:
 1. Are the 1967 and 1980 county court orders approving various agreements of Benton County property "facially invalid" or "lacking in subject matter jurisdiction" or otherwise invalid or void ab initio
under either one or more of the following:
a) Ark. Const. art. 12, Sec. 5;
b) ACA 14-14-1202;
c) ACA 14-16-110; or
d) any other constitutional, statutory or legal provision?
 2. Can the present county judge vacate, revoke, or cancel the prior county court orders or leases?
 3. Are the 1967 and 1980 county court orders subject to any legal or equitable defenses including, but not limited to, statute of limitations, laches, estoppel, waiver, res judicata, and ratification with regard to the county's options in this matter?
RESPONSE
I must respectfully decline to answer your questions, which raise issues of fact I am unable and unauthorized to address. I believe these questions should properly be addressed by outside counsel in light of the fact that the county attorney apparently faces a conflict of interest.
The scope of my advisory capacity is set forth at A.C.A. § 25-16-706
(Repl. 2002), which provides in pertinent part:
 (a)(1) Upon request, the Attorney General shall, without fee or reward, give his or her opinion to the Governor and to the heads of the executive departments of this state upon any constitutional or other legal question that may concern the official action of those officers.
 (2) He or she shall, when requested, give his or her opinion to the prosecuting attorney of any district upon any legal question that concerns the financial interests of the state or any county and upon any question connected with the administration of the criminal laws of the state.
 (3) He or she shall also give his or her opinion, when requested, to either house of the General Assembly, and any member thereof, upon the constitutionality of any proposed bill and to all state boards and commissions upon any question connected with the discharge of the duties of those boards and commissions.
As I understand the current posture of this matter, the county has been asked by the Division of Legislative Audit to justify the county's position that it is not delinquent in its tax obligation to the state. As your elaborate factual recitation suggests, providing this justification will entail assembling, presenting and interpreting a great deal of information regarding precisely what happened, when it happened and what it means. The opinions division of this office is neither equipped nor authorized to undertake any such intense fact-finding inquiry, nor can it perform the essentially judicial task of opining as to whether the county or the Division of Legislative Audit is justified in its position. My statutory charge to address "any legal question that concerns the financial interests of the . . . county" is limited to explicating the applicable law, not to determining the facts and applying the law, as your three questions invite me to do. Again, given the factual background you have recited, I believe your questions would properly be addressed by outside counsel. I regret I could not be of further assistance.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh